84,278-01,02

December 14, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
State of Texas, Supreme Court Building
201 W. 14th Street, Room 106
Austin, TX 28201

RE: Ex Parte, Marcus Purnell Wilhite
     WR-84,278-01; Tr. Ct. No. 1141857-A
     WR-84,278-02; Tr. Ct. No. 1178148-A

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 2 9 2015

Abel Acosta, Clerk

Dear Mr. Acosta:

Enclosed you will find the following:

1. Rebuttal to Affidavit of Kennitra M. Foote
2. Rebuttal to States Proposed Findings of Fact, Conclusions of Law and Order

Please supplement, my Rebuttal to Affidavit of Kennitra M. Foote, to the facts of the case (i.e. Statement of Facts) as set forth in my application for writ of habeas corpus.

Regards,
Marcus P. Wilhite
Marcus P. Wilhite, Applicant

# REFERENCES

1. February 2014 Attorney Disciplinary Actions .......... EXHIBIT-A

2. HCDC The State of Texas vs. Foote, Kennitra SPN. 01859151; .. EXHIBIT-B
    Cause: 1314004010100; Court: 209

3. Local Lawyers Disciplined in February and March 2012 .... EXHIBIT-C

4. Order of the Supreme Court of Texas in the Matter of ....... EXHIBIT-D
    Kennitra M. Foote; MISC Docket No. 13-9166

5. Court Reset Form; dated (on or about) 3-3-09; Clerks Record

6. Docket Sheet; stamped 5-21-08; Clerks Record

7. Docket Sheet; stamped 3-17-09; Clerks Record

8. P.S.I. Plea-Agreement Paperwork; Clerks Record

9. Motion for Community Supervision; Clerks Record

10. Official Court Reporter, 208TH, Marcia Barnett; statement
    to 14TH Court of Appeals; Exhibit in Application for
    Writ of Habeas Corpus

11. Recording of Abatement Hearing; 12-16-09; H.C. 208TH D.C.

12. Ms. Pamela E. Wilhite; Affidavit; Exhibit of Application
    for Writ of Habeas Corpus

13. 14TH Court of Appeals Memorandum Opinion

14. U.S. 5TH Circuit; Appeal; No. 10-20752; USDC 4:10-CV-3192

15. Case No. H0071133273; [Wilhite] Commission for
    Lawyer Discipline v. Kennitra M. Foote



# February 2014 attorney disciplinary actions

RESIGNATIONS

0

Posted Feb 5, 2014

**RESIGNATIONS**

On Nov. 19, 2013, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of Ken Anderson [#01196500], 61, of Georgetown. At the time of Anderson's resignation, Case No. 12-1093-C26, styled Commission for Lawyer Discipline v. Ken Anderson, was pending in the 26th District Court of Williamson County, which alleged the following:

In August of 1986, Christine Morton was murdered in Williamson County, Texas. Anderson was the Williamson County district attorney and lead prosecutor in the case against Michael Morton, who was charged with his wife's murder. The case against Morton went to a jury trial in February of 1987. The defense theory at trial was that the murder was committed by an unknown intruder. The jury found Morton guilty of murder, and he was sentenced to life in prison. In 2011, Morton was exonerated of his wife's murder.

Before, during, and after the 1987 trial, Anderson knew of the existence of evidence that tended to negate the guilt of Morton and failed to disclose that evidence to defense counsel. Further, during a pretrial hearing on Feb. 6, 1987, Anderson told the trial court that he had no evidence favorable to the accused. That statement was false.

Anderson violated Rules 1.102(a)(1), 1.102(a)(5), 7.102(a)(5), and 7.103(b).

On Dec. 10, 2013, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of Kennitra M. Foote [#24029552], 41, of Spring. At the time of Foote's resignation, there were nine disciplinary matters pending against her alleging that she neglected a legal matter entrusted to her; failed to abide by a client's decision whether to accept an offer of settlement; failed to keep a client reasonably informed about the status of his legal matter; failed to provide a contingency fee to the client with a written statement regarding the outcome of the matter; failed to promptly deliver to clients or third persons funds to which they were entitled; failed to refund advance payments of fee that had not been earned; violated a disciplinary judgment; failed to furnish a response to the Office of Chief Disciplinary Counsel; and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Foote violated Rules 1.01(b)(1), 1.02(a)(2), 1.03(a), 1.03(b), 1.04(d), 1.14(b), 1.15(d), 8.04(a)(3), 8.04(a)(7), and 8.04(a)(8).

On Dec. 10, 2013, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of James A. Endicott Jr. [#06613800], 74, of Harker Heights. At the time of Endicott's resignation, three disciplinary matters were pending. In one matter, Endicott failed to promptly deliver funds to a client, and in another, he violated a disciplinary judgment. In two of the matters, Endicott neglected the legal matters entrusted to him and failed to return unearned fees. In all of the matters, Endicott failed to promptly comply with reasonable requests for information and failed to furnish written responses to the complaints as directed.

Endicott violated Rules 1.01(b)(1), 1.03(a), 1.14(b), 1.15(d), 8.04(a)(1), 8.04(a)(7), and 8.04(a)(8).

On Dec. 10, 2013, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of Joe Anthony Foster Jr. [#07305300], 63, of Fort Davis. At the time of Foster's resignation, there was one disciplinary matter pending, alleging that Foster violated his fiduciary duties by misapplying client funds, neglected legal matters of a client, represented a person when the representation of that person was adverse to the person's interests, submitted false documents to a tribunal, and committed criminal and fraudulent acts.

Foster violated Rules 1.01(b)(2), 1.04(a), 1.06(b)(2), 3.03(a)(1), 3.03(a)(2), 3.03(a)(5), 3.04(b), 8.04(a)(2), 8.04(a)(3), and 8.04(a)(4).

SUSPENSIONS

On Nov. 6, 2013, Ray Galvan Jr. [#07590000], 51, of Addison, received a one-year fully probated suspension effective Nov. 15, 2013. An evidentiary panel of the District 6 Grievance Committee found that in representing complainant in a personal injury case, Galvan neglected the matter entrusted to him, failed to abide by complainant's decision whether to accept an offer of settlement, failed to keep complainant reasonably informed about the status of her matter, failed to promptly comply with reasonable requests for information, and failed to promptly deliver to a third party the funds that the party was entitled to receive.

Galvan violated Rules 1.01(b)(1), 1.02(a)(2), 1.03(a), and 1.14(b). He was ordered to pay $2,000.00 in attorney's fees and $73.50 in direct expenses.

Galvan filed an appeal on Nov. 15, 2013.

On Nov. 25, 2013, Ponce received a one-year fully probated suspension effective Dec. 1, 2013. The District 10 Grievance Committee found that Ponce neglected the legal matter entrusted to him, failed to inform the client about the status of his matter and promptly respond to reasonable requests, failed to deliver funds the client was entitled to receive, and failed to refund advance payments of fees.

Ponce violated Rules 1.01(b)(1), 1.03(b), 1.14(a), and 1.15(d). He was ordered to pay attorney's fees and direct expenses.

Exhibit B

**HCDistrictclerk.com**   The State of Texas vs. FOOTE, KENNITRA (SPN: 01859151)   9/9/2015

Cause: 131400401010   CDI: 3   Court: 209

## APPEALS

No Appeals found.

## BONDS

No Bonds found.

## PAYMENT PLAN

No Payment Plan found.

## RELATED CASES

No related cases found.

## DOCUMENTS

Proper credentials required. Please login or contact Harris County District Clerk's Office at (713) 755-7300.

## BOOKINGS

No Bookings found.

## HOLDS

No Holds found.

## WITNESS

No Witness found.

## SUMMARY

### CASE DETAILS

| File Date | 7/22/2011 |
| --- | --- |
| Case (Cause) Status | Active - CRIMINAL |
| Offense | EXPARTE SHOW CAUSE |
| Last Instrument Filed | EX Parte Proceedings |
| Case Disposition | |
| Case Completion Date | N/A |
| Defendant Status | JAIL |
| Bond Amount | $0.00 |
| Next/Last Setting Date | 7/26/2011 |

### DEFENDANT DETAILS

| Race/Sex | | Height/Weight | |
| --- | --- | --- | --- |
| Eyes | | Hair | |
| Skin | | Build | |
| DOB | | In Custody | N |
| US Citizen | Unavailable | Place Of Birth | |
| Address | | 3300 LYONS STE 201 HOUSTON TX 77020 | |
| Markings | | | |

### COURT DETAILS



Exhibit C

# 11 local lawyers disciplined in February and March

By Mary Flood on March 13, 2012 3:45 PM

f  𝓎  ✉  𝓟  in  8⁺     🗨 0  🖨

**Chron** ≡ Sections

General questions regarding attorney discipline should be directed to the Chief Disciplinary Counsel's Office, toll-free (877) 953-5535 or (512) 453-5535. The Board of Disciplinary Appeals may be reached at (512) 475-1578. Information and copies of actual orders are available at www.txboda.org. The State Commission on Judicial Conduct may be contacted toll-free, (877) 228-5750 or (512) 463-5533. Please note that persons disciplined by the Commission on Judicial Conduct are not necessarily licensed attorneys.

## REINSTATEMENT

**J. Robert Love [#00791139], 45, of Houston,** has filed a petition in the 113th District Court of Harris County for reinstatement as a member of the State Bar of Texas.

## BODA ACTION

On Jan. 31, the Board of Disciplinary Appeals signed a final judgment disbarring **Robert Leonadis "Pete" McKinney [#13723400], 61, of Houston.** On May 12, 2011, McKinney was sentenced to prison for four months, followed by supervised release for three years, and ordered to pay a fine of $250,000 and an assessment of $100 in Cause No. 1:11CR00059-001 styled, United States of America v. Robert L. McKinney, in the U.S. District Court for the Northern District of Ohio, Eastern Division, after McKinney pleaded guilty to conspiracy to commit bribery in federally funded programs in violation of 18 U.S.C. §371 (18 U.S.C. §666), an intentional crime as defined in the Texas Rules of Disciplinary Procedure. The criminal judgment is final. BODA Cause No. 48984. (Editor's Note: Robert McKinney [#00784572], of Austin, is not the attorney referred to in this action.)

On Feb. 1, the Board of Disciplinary Appeals affirmed the judgment of partially probated suspension of **Kristin Diane Wilkinson [#24037708], 48, of Houston,** signed by an evidentiary panel of the District 4-E Grievance Committee on Jan. 21, 2011, in Case No. H0080827321. Wilkinson remains on active suspension until April 30, 2013, with the remainder probated until May 1, 2015. BODA Cause No. 48195.

## RESIGNATIONS

On Dec. 13, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of **Steven A. Bearman [#90000546], 48, of Houston.** Bearman represented a client in a personal injury case, settled the case without the client's permission, and converted the settlement funds. Bearman violated Rules 1.02(a)(2) and 1.14(b).

On Dec. 12, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of **Dan Dewitt Simmonds [#24027980], 39, of Katy.** The Court found that in connection with the settlement of two personal injury matters, Simmonds failed to hold funds belonging in part to the clients separate from his own property, to keep the funds in a separate trust account, and to promptly deliver all the funds that the client was entitled to receive; disbursed the funds to persons who were not entitled to receive them; and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Simmonds violated Rules 1.14(a), (b), and (c) and 8.04(a)(3). He was ordered to pay $8,377.94 in attorney's fees and costs.

On Dec. 12, the Supreme Court of Texas accepted the resignation, in lieu of discipline, of **Steven Jay Rozan [#17357000], 68, of Houston.** At the time of Rozan's resignation, there were 10 disciplinary matters pending against him. In six of those matters, Rozan neglected the legal matters entrusted to him. In eight matters, he failed to keep his clients reasonably informed about the status of their legal matters and to promptly comply with reasonable requests for information. In seven matters, he failed to refund advance fee payments. In three of the matters, he failed to surrender papers and property to which his clients were

entitled. In four matters, he violated a disciplinary judgment and failed to comply with Section 13.01 of the Texas Rules of Disciplinary Procedure relating to the notification of an attorney's cessation of practice. Rozan violated Rules 1.01(b)(1), 1.03(a), 1.15(d), and 8.04(a)(7) and (a)(10). He was ordered to pay $12,692.53 in attorney's fees and expenses and $61,925 in restitution.

## SUSPENSIONS

On Dec. 14, **Richard Alan Mintz [#14198800], 60, of Houston,** accepted a one-year, fully probated suspension effective Nov. 15. An evidentiary panel of the District 4-F Grievance Committee found that Mintz, upon termination of his representation, failed to surrender papers to which his client was entitled and failed to refund an advance payment of fee that had not been earned. Mintz violated Rule 1.15(d). He agreed to pay $525 in attorney's fees and $3,620 in restitution.

On Nov. 19, **Robert C. Gerringer [#07826200], 56, of Houston,** received a three-year, partially probated suspension effective Jan. 1, with the first year actively served and the remainder probated. An evidentiary panel of the District 4-D Grievance Committee found that Gerringer failed to keep his client reasonably informed about the status of her legal matter, to promptly comply with reasonable requests for information, to promptly deliver funds that third parties were entitled to receive, and, upon termination of representation, failed to surrender property to which the client was entitled. Gerringer also failed to timely furnish to the Office of the Chief Disciplinary Counsel a response or other information as required by the Texas Rules of Disciplinary Procedure. Gerringer violated Rules 1.03(a), 1.14(b), 1.15(d), and 8.04(a)(8). He was ordered to pay $1,865 in attorney's fees and expenses.

On Dec. 14, **Arthur Eureste [#06702250], 57, of Houston,** accepted a one-year, fully probated suspension effective Nov. 15. An evidentiary panel of the District 4-B Grievance Committee found that Eureste was hired for representation in a bankruptcy case. During the course of the representation, the client made numerous attempts to contact Eureste to ascertain the status of her case; however, Eureste failed to respond.     Eureste violated Rule 1.03(a).

On Dec. 15, **Kennitra M. Foote [#24029552], 39, of Houston,** accepted a two-year, partially probated suspension effective Dec. 15, with the first three months actively served and the remainder probated. An evidentiary panel of the District 4-A Grievance Committee found that in connection with representation in a personal injury matter, Foote failed to explain an offer of settlement to the extent reasonably necessary to permit the client to make an informed decision regarding the offer of settlement and to abide by the client's decision of whether to accept the settlement offer. Upon receiving settlement funds in which the client had an interest, Foote failed to promptly notify the client of her receipt of the funds and to promptly deliver settlement funds the client was entitled to receive. Also, Foote failed to withdraw from representing the client after she had been discharged. Foote violated Rules 1.02(a)(2), 1.03(a) and (b), 1.14(b), and 1.15(a)(3). She agreed to pay $1,100 in attorney's fees and expenses.

On Jan. 27, **John S. Chase, Jr. [#04149100], 59, of Houston,** accepted a three-year, partially probated suspension effective Jan. 31, with the first six months actively served and the remainder probated. An evidentiary panel of the District 4-E Grievance Committee found that in representing a client, Chase failed to maintain communication with the client. Upon Chase's settlement of the client's matter, Chase failed to notify the client of his receipt of settlement funds and to promptly forward any funds to the client. Chase converted the funds for his own use, but repaid the funds prior to a scheduled disciplinary hearing. Chase commingled his own funds with the client's settlement funds. Chase failed, upon the conclusion of a contingent fee matter, to provide the client with a written statement describing the outcome of the matter and showing the remittance to the client and the method of its determination. Chase violated Rules 1.03(a), 1.04(c), and 1.14(a) and (b). He agreed to pay $1,384.04 in attorney's fees and costs.

## PUBLIC REPRIMANDS

On Dec. 5, **Caesar Escalante [#06662090], 60, of Houston,** accepted a public reprimand. The 127th District Court of Harris County found that Escalante settled his client's case, but thereafter failed to keep his client updated as to the status of the payment of the settlement monies. Escalante violated Rule 1.03(a). He agreed to pay $2,000 in attorney's fees and expenses.

Categories: General

---

**Promoted** Stories

---



# ORDER OF THE SUPREME COURT OF TEXAS

## MISC. DOCKET NO. 13-9166

## IN THE MATTER OF KENNITRA M. FOOTE

The Court has reviewed the Motion for Acceptance of Resignation as Attorney and Counselor at Law in Lieu of Disciplinary Action of Kennitra M. Foote (the Motion) and the Response of the Office of the Chief Disciplinary Counsel for the Commission for Lawyer Discipline (the Response). The Court concludes each meets the requirements of Part X of the Texas Rules of Disciplinary Procedure. Therefore, the Court deems the professional misconduct detailed in the Response conclusively established for all purposes. The Court further concludes that acceptance of the resignation of Kennitra M. Foote is in the best interest of the public and the profession.

Therefore, the law license of Kennitra M. Foote of Houston, Texas, State Bar Card Number 24029552 is canceled. The Court notes that Kennitra M. Foote has already surrendered her Texas bar card and Texas law license to the Clerk of this Court.

Consequently, Kennitra M. Foote is prohibited from practicing law in the State of Texas. She is prohibited from holding herself out as an attorney at law, performing legal services for others, giving legal advice to others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body (whether state, county, municipal, or other), or holding herself out to others or using her name in any manner in conjunction with the words "Attorney at Law," "Counselor at Law," or "Lawyer."

No. 1141857-A
No. 1178148-A

EX PARTE

§
§

IN THE 208TH DISTRICT COURT

§

OF

MARCUS PURNELL WILHITE

§

HARRIS COUNTY, TEXAS

## REBUTTAL TO AFFIDAVIT
## OF KENNITRA M. FOOTE

I, Marcus P. Wilhite, was represented by former Texas attorney Kennitra M. Foote, in cause numbers 1141857 and 1178148. In contrast to the Affidavit filed, as previous client of the State's witness, I can attest to the following as untrue:

1. Ms. Kennitra M. Foote did not keep me reasonably informed of the actions nor process of the charges that were pending against me. I did not refuse to go to trial, I in fact insisted on it. Ms. Foote made me sign, on March 3, 2009, the court reset form, by an X, beneath her writing of, "I dont want the 15 yr. offer, I want to go to trial." (See: Court Reset Form; dated 3-3-09; Clerk's Record) I never heard of a P.S.I. from Ms. Foote, until my trial date, June 29, 2009; which was set after the resetting of 3-3-09 to 3-17-09, when I went before the Judge to be admonished concerning trial. According to court records, I was set for trial for both the dates of, 8-18-08 and 6-29-09, stemming from me going before the Judge, insisting on going to trial. (See: Docket Sheet, stamped 5-21-08; Docket Sheet, stamped 3-17-09; Clerk's Record)

The State did not continue to offer larger and larger sentences as the case went on; in fact, the State offered smaller and smaller sentences: 30 yrs., to 20 yrs., to 15 yrs. (See: Court Reset Form; dated 3-3-09; Clerk's Record) If Ms. Foote was "sure" that I would receive a lesser punishment from the Judge than from the State, why was the P.S.I. without an agreed recomendation; why was I still subject to the full range of punishment, 5-99 yrs., when the States offer was 15 yrs., "in which I received"??? If Ms. Foote was "sure" (i.e. promise), why didn't I receive less than what the State offered ???

If Ms. Foote explained in detail the P.S.I. plea agreement and instructed me where to sign after each statement was explained, why did Ms. Foote go through the paperwork first and put X's everywhere I should initial??? If she explained it to me at all, let alone first, how could she have put an X in an area not applicable and have to scratch the whole area out??? (See: P.S.I. Plea-Agreement Paperwork; Clerk's Record) Ms. Kennitra M. Foote is being untruthfull, her usual modus operandi.

2. If no coercion nor threats were not stated nor implied for me to plead guilty, why would Ms. Foote "make" me sign a court reset form, stating, "I dont

1.

WANT THE 15 YR. OFFER, I WANT TO GO TO TRIAL." (SEE: COURT RESET FORM; DATED 3-3-09; CLERK'S RECORD) IF MY CASE WAS "ABOUT TO BE" SET FOR TRIAL BEFORE THE JUDGES P.S.I. ADMONISHMENTS, WHY WAS IT ALREADY SET FOR TRIAL, CLEARLY EXPRESSED ??? (SEE: DOCKET SHEET; STAMPED 3-17-09; CLERK'S RECORD) IF JUDGE COLLINS OFFERED TO CONDUCT A P.S.I HEARING AND OFFER LESS THAN WHAT THE STATE HAD ON THE TABLE, WHY DIDN'T I RECEIVE LESS THAN THE 15 YRS.; WHY WAS I YET SUBJECT TO THE FULL RANGE OF PUNISHMENT ??? ARE THESE "CONTRADICTING" EVENTS WHAT LED TO "A BREAK IN THE STANDOFF" BETWEEN THE STATE'S WITNESS AND MYSELF ??? IS THIS WHAT LED ME TO PLEAD GUILTY ??? WHY WASN'T JUDGE COLLINS' OFFER MADE GOOD (i.e. FULFILLED), IF MY AGREEMENT TO PLEAD GUILTY RESTED UPON SAID OFFER ???

IF Ms. FOOTE TRULY FELT THAT I WOULD NEVER ALLOW MYSELF TO BE LED, WHY WOULD HER TESTIMONY, SUPPOSEDLY IN MY BEHALF, AT THE P.S.I HEARING BE, "MR. WILHITE IS A FOLLOWER AND INCAPABLE OF BEING A LEADER." ??? IF I SIGNED THE PLEA AGREEMENT DOCUMENTS WITHOUT HESITATION, WHEN DID Ms. FOOTE EXPLAIN THEM TO ME; WHERE WAS MY USUAL MODUS OPERANDI THEN, SEEING THAT THERE WAS NO HESITATION BETWEEN ME RECEIVING AND SIGNING THEM ??? IF Ms. FOOTE EXPLAINED TO ME AS SHE DID "ALL HER CLIENTS", WOULD I BE CONSIDERED MISINFORMED, OR DECEIVED ??? (SEE: FEBRUARY 2014 ATTORNEY DISCIPLINARY ACTIONS)

IF Ms. FOOTE LET ME KNOW (i.e. PROMISE) I WOULD RECEIVE A LESSER SENTENCE THAN WAS ON THE TABLE WITH THE STATE, WHY ACCORDING TO COURT RECORDS I DIDN'T ??? IF I FLATLY REFUSED THE OPTION OF GOING TO TRIAL, HOW WAS I PROPERLY ADMONISHED TO BE SET FOR TRIAL TWICE ??? (SEE: DOCKET SHEET; STAMPED 5-21-08; DOCKET SHEET; STAMPED 3-17-09; CLERK'S RECORD) Ms. KENNITRA M. FOOTE IS BEING UNTRUTHFULL, HER USUAL MODUS OPERANDI.

3.   IF Ms. FOOTE "PROMISED" ME THAT THE JUDGE, THROUGH P.S.I., WOULD OFFER ME LESS THAN WHAT THE STATE HAD OFFERED AS A PLEA AGREEMENT, WHY WOULDN'T Ms. FOOTE PUT A CAP ON THE RANGE OF PUNISHMENT, BUT LEFT ME SUBJECT TO THE FULL RANGE OF PUNISHMENT, AND WITH A "PROMISE" THATS SUBJECT TO NOT BE MADE GOOD (i.e. FULFILLED). WOULD A JUDGE, THROUGH A P.S.I., OFFER ME PUNISHMENT, OR "GIVE" ME PUNISHMENT ??? BECAUSE I WASN'T OFFERED ANYTHING, IF THE 15 YRS. WAS AN OFFER, CLERK'S RECORDS SHOW THAT I DIDN'T WANT THE 15 YR. OFFER, BUT WANTED TO GO TO TRIAL.

IF THE OUTCOME OF THE P.S.I. REPORT WOULD DETERMINE IF I WOULD RECEIVE PROBATION, WHY WASN'T I GIVEN THE OPPORTUNITY TO REVIEW THE P.S.I. REPORT AT ANY STAGE OF MY CASE ??? IF THE JUDGE DELVING INTO THE ACTUAL CASE WOULD DETERMINE IF I WOULD RECEIVE PROBATION, WHY WOULD THE JUDGE

TELL ME, AS SOON AS THE HEARING STARTED, BEFORE DELVING INTO THE ACTUAL CASE, THAT SHE WAS NOT GOING TO GIVE ME PROBATION ??? I HAD THOUGHT A P.S.I. WAS ABOUT PROBATION: I FILLED OUT A REQUEST FOR PROBATION (SEE: MOTION FOR COMMUNITY SUPERVISION; CLERK'S RECORD), SIGNED FOR THE P.S.I., FILLED OUT A PROBATION PACKET, THEN WAS TOLD THAT I WOULD MEET WITH A PROBATION OFFICER SOON AFTER. NOTE: MOTION FOR COMMUNITY SUPERVISION WAS ERRONEOUSLY FILLED OUT BY MS. FOOTE, ATTESTING THAT I HAD NEVER BEEN PLACED ON COMMUNITY SUPERVISION FOR A FELONY. BOTH MS. FOOTE AND JUDGE COLLINS MADE ME TO BELIEVE THAT IT WAS WHAT A P.S.I. WAS ABOUT AND THAT'S HOW I WOULD RECEIVE IT (i.e. PROBATION). MS. KENNITRA M. FOOTE IS BEING UNTRUTHFULL, HER USUAL MODUS OPERANDI.

4.    I DID NOT WAIVE THE COURT REPORTER RECORDING THE HEARING; I HAD ABSOLUTELY NO KNOWLEDGE OF THIS; AND DEFINATLY DID NOT CONSENT TO IT. THROUGHOUT THE DURATION OF THE HEARING I WAS UNDER THE IMPRESSION THAT IT WAS BEING RECORDED, I HAD NO REASON TO THINK OTHERWISE: THE COURT REPORTER SAT IN POSITION TO RECORD THE HEARING, WITH HER MACHINE IN FRONT OF HER AND OPERATING IT (i.e. TYPING); WHEN THE JUDGE LEFT THE BENCH, SHE TOLD THE COURT REPORTER, "WE'RE OFF THE RECORD" (OR SOMETHING SIMULAR IN NATURE, AND THERE WAS NO MORE TYPING, AND WHEN THE JUDGE CAME BACK, SHE TOLD THE COURT REPORTER, "WE'RE BACK ON THE RECORD" (OR SOMETHING SIMULAR IN NATURE), AND THE COURT REPORTER STARTED BACK TYPING. WHAT ELSE WOULD I, OR ANY OTHER HUMAN BEING THINK ???

IF I WAS PRESENT WHEN THE COURT REPORTER WAS WAIVED AND AGREED, WHY DID OFFICIAL COURT REPORTER, MARCIA BARNETT, WRITE TO THE 14TH COURT OF APPEALS, THAT "MS. FOOTE" CAME TO HER, AND SHE ASKED "MS. FOOTE" IF THE HEARING WAS GOING TO BE RECORDED, AND "MS. FOOTE" SAID NO THAT IT WASN'T; THE COURT REPORTER DID NOT MENTION MR. MARCUS P. WILHITE (SEE: OFFICIAL COURT REPORTER; 208TH; MARCIA BARNETT; STATEMENT TO 14TH COURT OF APPEALS; EXHIBIT IN APPLICATION FOR WRIT OF HABEAS CORPUS); WHY DID ATTORNEY FOR THE STATE, J. STEPHENSON, ON 12-16-09, AT MY ABATEMENT HEARING, TELL JUDGE DENISE COLLINS THAT HE AND KENNITRA AGREED TO WAIVE THE RECORDING OF THE HEARING; THE PROSECUTOR DID NOT MENTION MR. MARCUS P. WILHITE (SEE: RECORDING OF ABATEMENT HEARING; 12-16-09; H.C. 208TH D.C.) ??? WHY IS THERE A DIFFERENT ACCOUNT OF THIS "WAIVER" FROM MS. KENNITRA M. FOOTE, MS. MARCIA BARNETT, AND MR. J. STEPHENSON ??? IF THE RULES OF APPELATE PROCEDURE, RULE 13.1, SAYS, THE OFFICIAL COURT REPORTER MUST, UNLESS EXCUSED BY AGREEMENT OF THE PARTIES, MAKE A FULL RECORD OF THE

PROCEEDINGS, WHY WASN'T THIS "AGREEMENT" ENFORCED BY BEING PUT IN WRITING, SIGNED AND FILED WITH THE PAPERS AS PART OF THE RECORD, OR MADE IN OPEN COURT AND ENTERED INTO THE RECORD, ACCORDING TO THE RULES OF CIVIL PROCEDURE, RULE 11??? WHY THE CLERKS RECORD DON'T INCLUDE COPIES OF ANY WRITTEN WAIVERS OF THE REPORTERS RECORD OF THE P.S.I. HEARING, ACCORDING TO THE RULES OF APPELATE PROCEDURE, RULE 34.5(a)(2)??? MR. MARCUS P. WILHITE NEVER SIGNED ANY WAIVER OF NOR WAIVED BEFORE OPEN COURT THE REPORTERS RECORD OF THE P.S.I. HEARING (SEE: CLERK'S RECORD)

MY MOTHER WAS NEVER GIVEN THE OPPORTUNITY TO COME FORWARD TO THE BENCH TO SPEAK ON MY BEHALF AS A CHARACTER WITNESS (SEE: MS. PAMELA E. WILHITE; AFFIDAVIT; EXHIBIT OF APPLICATION FOR WRIT OF HABEAS CORPUS). MS. FOOTE' CLAIM THAT THE STATES WITNESSES WERE NOT CALLED BECAUSE OF A STRAGETIC MOVE ON HER PART, IS IN CONFLICT WITH THE JUDGE ASKING THE PROSECUTOR, WHERE ARE HIS WITNESSES, AND HIM TELLING HER THAT "HE DON'T HAVE ANY"; AND THE JUDGE ASKING THE PROSECUTOR, WHAT DID THE WITNESSES HAVE TO SAY, AND HIM TELLING HER, "THEY SAID THAT THEY DON'T WANT TO HAVE ANYTHING TO DO WITH THE CASE". RULES OF EVIDENCE, RULE 804(a) (2)(3)(5) SAYS, A DECLARANT IS CONSIDERED TO BE UNAVAILABLE AS A WITNESS UNDER THOSE CIRCUMSTANCES.

ME HAVING A RIGHT TO APPEAL, AND MS. FOOTE STATING THAT I AGREED TO THE P.S.I. IN INSTANT I DIDN'T RECEIVE PROBATION I COULD STILL DISPUTE MY SENTENCE, WHY WOULD I WAIVE MY REPORTERS RECORD, WHEN A DEFENDANT AS A PARTY COMPLAINING ON APPEAL, HAVE AN "OBLIGATION" TO BRING FORWARD RECORD TO SUSTAIN IT'S CONTENTIONS OF ERROR, AND IF NOT DONE, MY COMPLAINT COULD NOT BE HEARD??? ME HAVING A RIGHT TO APPEAL, WHY WOULD MS. FOOTE WANT TO WAIVE MY REPORTERS RECORD, KNOWING THAT ATTORNEYS SHOULD BE DEDICATED TO PERFECTION OF ACCURATE RECORDS FOR REVIEW BY APPELLATE COURTS IF POINTS OF ERROR ARE TO RECEIVE FAIR CONSIDERATIONS AND JUST RULINGS??? WAS THIS HER FIDUTIARY DUTY??? DID SHE HAVE ANYTHING TO HIDE???

FROM THE MOMENT I HAVE KNOWN OF THIS ALLEDGED WAIVER I HAVE COMPLAINED OF IT AND CHALLENGED IT: FROM DISTRICT COURT (SEE: RECORDING OF ABATEMENT HEARING; 12-16-09; H.C. 208TH D.C.); TO THE 14TH COURT OF APPEALS (SEE: 14TH COURT OF APPEALS MEMORANDUM OPINION); TO FEDERAL COURT (SEE: U.S. 5TH CIRCUIT; APPEAL; NO. 10-20752; USDC NO. 4:10-CV-3192); TO THE STATE BAR OF TEXAS, WHEREIN I FILED A GRIEVANCE AGAINST HER, AND SHE WENT BEFORE THE EVIDENTIARY PANEL 4-1 OF THE STATE BAR DISTRICT 4 GRIEVANCE COMMITTEE ON, 4-18-13, AND RESIGNED, IN LIEU OF DISCIPLINE (SEE: CASE NO. H0071133273; [WILHITE] COMMISSION

FOR LAWYER DISCIPLINE V. KENNITRA M. FOOTE); NOW TO THE COURT OF CRIMINAL APPEALS. MS. FOOTE AND MYSELF NEVER HAD ANY CONVERSATION, NOR STATEMENT MADE, NOR ANYTHING IMPLIED, NOR ANYTHING HINTED CONCERNING THE WAIVER OF THE REPORTERS RECORD OF MY OF MY P.S.I. HEARING; NEITHER WAS IT MADE KNOWN BY THE COURT NOR STATE; NEITHER DID THE COURT NOR STATE SECURE ME THAT I WAS NOT DEPRIVED OF MY PROTECTED INTREST, BY IMPLEMENTING AND SATISFYING THE PROCEDURAL SAFEGUARDS TO ENSURE THAT THE REPORTERS RECORD OF MY P.S.I. HEARING NOT BE WAIVED WITHOUT MY KNOWLEDGE NOR CONSENT. I DID NOT AGREE TO WAIVE THE REPORTERS RECORD OF MY P.S.I. HEARING; IT WAS TOTALLY, FACTUALLY, AND CLEARLY WITHOUT MY KNOWLEDGE NOR CONSENT. MS. FOOTE IS BEING UNTRUTHFULL, HER USUAL MODUS OPERANDI.......

MOREOVER, MS. KENNITRA M. FOOTE WAS ORDERED, BY THE COURT, TO FILE AFFIDAVIT WITHIN 30 DAYS OF, 10-30-13; MS. FOOTE' AFFIDAVIT WAS SIGNED, 11-2-15, OVER 730 DAYS AFTER SAID ORDER, WITHOUT AN EXTENTION OF TIME. MS. FOOTE' AFFIDAVIT WAS FILED AFTER THE RESPONDENTS PROPOSED FINDING OF FACT AND ORDER WAS FILED, WHICH WAS TO BE USED TO MAKE FINDINGS OF FACT. MS. FOOTE' AFFIDAVIT IS NOT SUPPORTED BY THE RECORD, AND AN AFFIDAVIT UNSUPPORTED BY THE RECORD CANNOT PROVIDE A BASIS FOR A FINDING.

AS THE STATES WITNESS, MS. FOOTE' CREDIBILITY MAY BE ATTACKED BY TESTIMONY ABOUT THE WITNESSES REPUTATION FOR HAVING A CHARACTER OF UNTRUTHFULNESS OR BY TESTIMONY IN THE FORM OF AN OPINION ABOUT THAT CHARACTER; ALSO, IF SHE HAVE COMMITTED A CRIME OF A FELONY OR INVOLVING MORAL TORPITUDE, REGARDLESS OF PUNISHMENT; OR IS ELICITED FROM THE WITNESS OR ESTABLISHED BY PUBLIC RECORD. MS. FOOTE CLAIMS TO BE TRUTHFULL. (SEE: FEBRUARY 2014 ATTORNEY DISCIPLINARY ACTIONS)(SEE: HCDC THE STATE OF TEXAS VS. FOOTE, KENNITRA SPN. 01859151; CAUSE: 1314 00401010; COURT: 209) (SEE: LOCAL LAWYERS DISCIPLINED IN FEBRUARY AND MARCH 2012)(SEE: ORDER OF THE SUPREME COURT OF TEXAS IN THE MATTER OF KENNITRA M. FOOTE; MISC. DOCKET NO. 13-9166) MS. KENNITRA M. FOOTE IS UNTRUTHFULL, HER USUAL MODUS OPERANDI.

SIGNED THIS 12TH DAY OF DECEMBER, 2015.

RESPECTFULLY SUBMITTED,
Marcus P. Willhite
MARCUS P. WILLHITE, APPLICANT
1100 F.M 655, RAMSEY 1 UNIT
ROSHARON, TX. 77583

Cause No. 1141857-A
Cause No. 1178148-A

EX PARTE

§
§
§
§

IN THE 208TH DISTRICT COURT

MARCUS PURNELL WILHITE,
Applicant

OF
HARRIS COUNTY, TEXAS

REBUTTAL TO
STATES PROPOSED FINDINGS OF FACT
CONCLUSIONS OF LAW AND ORDER

The Applicant has considered the application for writ of habeas corpus, the State's Original Answer and official court records in the above-captioned causes. The Applicant declares as Finding of Fact the history of the cases as set forth in his application for writ of habeas corpus. The Applicant declares that there are controverted, previously unresolved facts material to the legality of the applicants confinement which require an evidentiary hearing and will pray that the relief requested be granted for the following reasons:

## FINDINGS OF FACT

1. The history of the case as set forth in my application for writ of habeas corpus; supplemented as set forth in my Rebuttal to Affidavit of Kennitra M. Foote.

2. The States Proposed Findings of Fact, Conclusions of Law and Order was made without an affidavit from Ms. Kennitra M. Foote, contrary to, as set forth in the Proposed Order Designating Issues and Order for Filing Affidavit, by the Court; Therefore making it void.

## CONCLUSIONS OF LAW

1. The applicants habeas challenge alleging trial court error is a record claim that was raised in court and on direct appeal (See: History of the Case; as set forth in my application for writ of habeas

1.

CORPUS AND SUPPLEMENT); THE APPLICANTS RECORD CLAIM IS ALSO ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL; RECORD ON DIRECT APPEAL INADEQUATE TO DEVELOPE AN INEFFECTIVE ASSISTANCE CLAIM, THE VERY INEFFECTIVENESS CLAIMED MAY PREVENT THE RECORD FROM CONTAINING THE INFORMATION NECESSARY TO SUBSTANCIATE SUCH CLAIM; DUFFY, 607 S.W. 2D 507, 512, 513. THE TRIAL RECORD ORDINARILY DOES NOT REFLECT COUNSELS REASONS FOR DOING OR FAILING TO DO ACTIONS OF WHICH THE DEFENDANT COMPLAINS; VASQUEZ, 830 S.W. 2D 951. MOREOVER, THERE IS NO BAR TO THE APPLICANT DEVELOPING THE FACTS NECESSARY TO SUPPORT HIS POST-CONVICTION CLAIMS BROUGHT IN THE INSTANT HABEAS PROCEEDING. EX PARTE WILLIAMS, 65 S.W. 3D 658. CRIMINAL LAW 1028.

2. THE APPLICANT HAS DEMONSTRATED THAT TRIAL COUNSELS REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS . . . . . . . . ; DEFENDANT, AS PARTY COMPLAINING ON APPEAL, HAS AN OBLIGATION TO BRING FORWARD RECORD TO SUSTAIN ITS CONTENTIONS OF ERROR, AND NOT DOING SO, ITS COMPLAINTS COULD NOT BE HEARD. FIREMANS INS. CO. V. ALEXANDER, 328 S.W. 2D 350. TO SATISFY THE PREJUDICE PRONG, DEFENDANT MUST SHOW THE OUTCOME WAS RENDERED UNRELIABLE, OR THE PROCEEDING WAS FUNDAMENTALLY UNFAIR. JOHNSON V. SCOTT 68 F. 3D 106, 109.

3. THE APPLICANT HAS DEMOSTRATED THAT COUNSEL PROVIDED REPRESENTATION THAT "AMOUNTED TO INCOMPETANCE UNDER 'PREVAILING NORMS.'" ATTORNEYS SHOULD BE DEDICATED TO PERFECTION OF ACCURATE RECORDS FOR REVIEW BY APPELLATE COURTS IF POINTS OF ERROR ARE TO RECEIVE FAIR CONSIDERATION AND JUST RULINGS. YOUNG V. STAFFORD, 497 S.W. 2D 76

4. THE APPLICANT HAS SHOWN THAT BUT FOR COUNSELS ERRORS AND DEFICIENT REPRESENTATION, I WOULD NOT HAVE PLED GUILTY BUT WOULD HAVE INSISTED ON GOING TO TRIAL. HILL V. LOCKHART 474 U.S. 52, 59; 106 S. CT. 366, 370-71.

5. BASED ON THE TOTALITY OF THE CIRCUMSTANCES IN THE PRIMARY CASE, THE APPLICANTS PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE; AT THE TIME OF HIS GUILTY-PLEA APPELLANTS MENTAL STATE RESTED UP "STATED AND IMPLIED "PROMISES" FROM HIS TRIAL ATTORNEY AND THE TRIAL JUDGE THAT WERE NOT FULFILLED.

6. THE APPLICANT HAS OVERCOME THE PRESUMPTION OF REGULARITY CREATED IN THE TRIAL COURT RECORDS, AND HAS DEMONSTRATED THAT HIS PLEA WAS INVOLUNTARY.

7. IN ALL THINGS, THE APPLICANT HAS SHOWN THAT HIS CONVICTION AND SENTENCE WERE IMPROPERLY OBTAINED.

ACCORDINGLY, I PRAY TO THE TEXAS COURT OF CRIMINAL APPEALS THAT THE REQUESTED HABEAS RELIEF BE GRANTED.

SIGNED THIS 13TH DAY OF DECEMBER, 2015;

RESPECTFULLY SUBMITTED,

Marcus P. Wilhite

MARCUS P. WILHITE
APPLICANT
RAMSEY 1 UNIT
1100 F.M. 655
ROSHARON, TX. 77583